IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **The Regents of the University of California and Eolas Technologies Incorporated,** § § § | |
| **Plaintiffs,** § | Civil Action No. 6:12-cv-621 |
| § § | |
| vs. § | |
| § | **JURY TRIAL** |
| **The Walt Disney Company, ESPN Internet Ventures, and American Broadcasting Companies, Inc.** § § § § | |
| **Defendants.** § | |

### PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT

PlaintiffS The Regents of the University of California ("Regents") and Eolas Technologies Incorporated ("Eolas") (collectively "Plaintiffs") file this Complaint for patent infringement against The Walt Disney Company ("Disney"), ESPN Internet Ventures (d/b/a Starwave Partners) ("ESPN"), and the American Broadcasting Companies, Inc. ("ABC") (collectively "Defendants"), and alleges as follows:

### I. PARTIES

1. At all times herein mentioned, Plaintiff Regents was charged by state law with the duty of administering the University of California as a public trust, pursuant to Article IX § 9 of the California Constitution.

2. Plaintiff Eolas is a corporation organized and existing under the laws of Texas, with its principal place of business at 313 East Charnwood Street, Tyler, Texas 75701.  Eolas conducts leading-edge research and development to create innovative technologies in the areas of

interactive embedded and distributed applications, systems, data analysis, visualization, collaboration and networking.  During the past 15 years, Eolas' innovations have enabled corporations around the world to enhance their products and improve their customers' website experiences by enabling browsers, in conjunction with servers, to act as platforms for fully interactive embedded applications.  This advanced technology provides rich interactive online experiences for Web users worldwide.

3. Upon information and belief, Disney is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 500 S. Buena Vista Street, Burbank, CA 91521.  Disney may be served with process by serving its registered agent, Marsha L. Reed, 500 S. Buena Vista Street, Burbank, CA 91521.

4. Upon information and belief, ESPN is, and at all relevant times mentioned herein was, a partnership organized and existing under the laws of the State of Connecticut, with its principal place of business at ESPN Plaza, 935 Middle Street, Bristol, CT 06010.  ESPN may be served with process at this address and/or by the service of this Complaint on the registered agent of its parent, Disney, at Marsha L. Reed, 500 S. Buena Vista Street, Burbank, CA 91521.

5. Upon information and belief, ABC is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 77 W. 66th Street, New York, NY 10023.  ABC may be served with process by serving its registered agent, Corporation Service Company at 80 State Street, Albany, NY 12207-2543.

## II. JURISDICTION AND VENUE

6. Plaintiffs repeat and re-allege the allegations in Paragraphs 1–5 as though fully set forth in their entirety.

7. This action arises under the patent laws of the United States, Title 35, United States Code § 1, *et seq*. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

8. Personal jurisdiction exists over each of the Defendants because each Defendant has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Eastern District of Texas. Personal jurisdiction also exists specifically over each of the Defendants because each Defendant, directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the State of Texas, and more particularly, within the Eastern District of Texas, that infringe the patents-in-suit, as described more particularly below.

9. Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391(b)–(c) and 1400(b).

## III. PATENT INFRINGEMENT

10. Plaintiffs repeat and re-allege the allegations in Paragraphs 1–9 as though fully set forth in their entirety.

11. United States Patent No. 5,838,906 ("the '906 Patent") entitled "Distributed hypermedia method for automatically invoking external application providing interaction and display of embedded objects within a hypermedia document" was duly and legally issued by the

United States Patent and Trademark Office on November 17, 1998 after full and fair examination.

12. United States Patent No. 7,599,985 ("the '985 Patent") entitled "Distributed hypermedia method and system for automatically invoking external application providing interaction and display of embedded objects within a hypermedia document" was duly and legally issued by the United States Patent and Trademark Office on October 6, 2009 after full and fair examination.

13. United States Patent No. 8,082,293 ("the '293 Patent") entitled "Distributed hypermedia method and system for automatically invoking external application providing interaction and display of embedded objects within a hypermedia document" was duly and legally issued by the United States Patent and Trademark Office on December 20, 2011 after full and fair examination.

14. United States Patent No. 8,086,662 ("the '662 Patent") entitled "Distributed hypermedia method and system for automatically invoking external application providing interaction and display of embedded objects within a hypermedia document" was duly and legally issued by the United States Patent and Trademark Office on December 27, 2011 after full and fair examination.

15. Collectively, the '906 Patent, the '985 Patent, the '293 Patent and the '662 Patent are referred to as the "patents" or "patents-in-suit."

16. Eolas has an exclusive license to the patents that includes, without limitation, the following: (a) all exclusionary rights under the patents, including, but not limited to, (i) the exclusive right to exclude others from making, using, offering for sale, or selling products embodying the patented inventions throughout the United States or importing such products into

the United States, and (ii) the exclusive right to exclude others from using and otherwise practicing methods embodying the patented inventions throughout the United States; and (b) the exclusive right to sue and seek damages for infringement of any of the exclusionary rights identified above.

17.     On information and belief, Disney has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, at least one claim of each of the patents-in-suit in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.disney.com (and other Disney owned and/or controlled websites) and maintained on servers located in and/or accessible from the United States under the control of Disney; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

18.     Disney indirectly infringes at least one claim of each of the patents-in-suit by active inducement under 35 U.S.C. § 271(b). Disney has induced and continues to induce users of the web pages, software, and computer equipment identified above to directly infringe one or more claims of each of the patents-in-suit. Disney indirectly infringes one or more claims of each of the patents-in-suit by contributory infringement under 35 U.S.C. § 271(c). By providing the web pages, software, and computer equipment identified above, Disney contributes to the direct infringement of users of said web pages, software, and computer equipment.

19. On information and belief, ESPN has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, at least one claim of each of the patents-in-suit in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.espn.go.com (and other ESPN owned and/or controlled websites) and maintained on servers located in and/or accessible from the United States under the control of ESPN; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

20. ESPN indirectly infringes at least one claim of each of the patents-in-suit by active inducement under 35 U.S.C. § 271(b). ESPN has induced and continues to induce users of the web pages, software, and computer equipment identified above to directly infringe one or more claims of each of the patents-in-suit. ESPN indirectly infringes one or more claims of each of the patents-in-suit by contributory infringement under 35 U.S.C. § 271(c). By providing the web pages, software, and computer equipment identified above, ESPN contributes to the direct infringement of users of said web pages, software, and computer equipment.

21. On information and belief, ABC has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, at least one claim of each of the patents-in-suit in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers,

including, without limitation, the web pages and content accessible via www.abc.go.com (and other ABC owned and/or controlled websites) and maintained on servers located in and/or accessible from the United States under the control of ABC; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

22. ABC indirectly infringes at least one claim of each of the patents-in-suit by active inducement under 35 U.S.C. § 271(b). ABC has induced and continues to induce users of the web pages, software, and computer equipment identified above to directly infringe one or more claims of each of the patents-in-suit. ABC indirectly infringes one or more claims of each of the patents-in-suit by contributory infringement under 35 U.S.C. § 271(c). By providing the web pages, software, and computer equipment identified above, ABC contributes to the direct infringement of users of said web pages, software, and computer equipment.

23. Additionally, and on information and belief, Disney is the parent company of both ESPN and ABC.

24. As a direct and proximate consequence of the acts and practices of each of the Defendants in infringing and/or inducing the infringement of one or more claims of each of the patents-in-suit, Plaintiffs have been, are being, and, unless such acts and practices are enjoined by the Court, will continue to suffer injury to their business and property rights.

25. As a direct and proximate consequence of the acts and practices of each of the Defendants in infringing, directly and/or indirectly, one or more claims of each of the patents-in-suit, Plaintiffs have suffered, are suffering, and will continue to suffer injury and damages for which they are entitled to relief under 35 U.S.C. § 284, in an amount to be determined at trial.

26. In addition, the infringing acts and practices of each of the Defendants have caused, is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Plaintiffs for which there is no adequate remedy at law, and for which Plaintiffs are entitled to injunctive relief under 35 U.S.C. § 283.

## IV. PRAYER FOR RELIEF

Plaintiffs pray for the following relief:

A. A judgment that each of the Defendants has infringed, directly and indirectly, one or more claims of each of the patents-in-suit;

B. A judgment and order preliminarily and permanently enjoining each of the Defendants, its employees and agents, and any other person(s) in active concert or participation with it from infringing, directly or indirectly, each of the patents-in-suit;

C. A judgment and order requiring each of the Defendants to pay Plaintiffs' damages under 35 U.S.C. § 284 supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

D. An award of all costs of this action, including attorneys' fees and interest; and

E. Such other and further relief as the Court deems just and equitable.

## V. DEMAND FOR JURY TRIAL

Plaintiffs hereby demand that all issues be determined by a jury.

DATED:  September 12, 2012.						Respectfully submitted,

**McKool Smith, P.C.**

/s/  Mike McKool
Mike McKool
Lead Attorney
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
Douglas Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
**McKool Smith, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

**ATTORNEYS FOR PLAINTIFFS THE REGENTS OF THE UNIVERSITY OF CALIFORNIA AND
EOLAS TECHNOLOGIES, INC.**