IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| The Regents of the University of California and Eolas Technologies Incorporated, | § § § § | |
| Plaintiffs, | § | Civil Action No. 6:12-cv-621 |
| | § § | |
| vs. | § § | JURY TRIAL |
| The Walt Disney Company, ESPN Internet Ventures, and American Broadcasting Companies, Inc. | § § § § | |
| Defendants. | § | |

**PLAINTIFFS' MOTION TO STAY**

Plaintiffs The Regents of the University of California and Eolas Technologies Incorporated ("Plaintiffs") file this motion to stay <u>all</u> deadlines with respect to its complaint for patent infringement against Defendants The Walt Disney Company, ESPN Internet Ventures and American Broadcasting Companies, Inc. ("Defendants").

**I. BACKGROUND**

On September 11, 2012, Plaintiffs filed their complaint for infringement against Facebook. As set forth therein, Plaintiffs contend that Defendants infringe United States Patent Nos. 5,838,906, 7,599,985, 8,082,293, and 8,086,662 (collectively "patents-in-suit"). Each of the patents-in-suit list the same inventors, and each of the patents-in-suit claim priority through the '906 patent.

1

Plaintiffs previously litigated two of the patents-in-suit in a prior action before this Court. Specifically, in the *Eolas v. Adobe et. al* action ("Adobe Action"), Plaintiffs alleged infringement of certain claims of the '906 and '985 patents. In that case, a jury found claims 1 and 6 of the '906 patent and claims 1, 3, 10, 16, 18, 20, 22, 36, 38, 40 and 42 of '985 patent to be invalid and the Court entered judgment to that effect. *See Eolas v. Adobe et. al*, Civ. Action No. 6:09-CV-446-LED, *Amended Final Judgment* (Dkt. No. 1417, July 19, 2012). Plaintiffs disagree with the invalidity finding with respect to these claims of the '906 and '985 patents and plan to appeal the invalidity finding to the Court of Appeals for the Federal Circuit. The remaining claims of the '906 and '985 patents were not adjudicated to be invalid in the Adobe Action. Neither the '293 nor '662 patent were at-issue in the Adobe Action.

The Federal Circuit's resolution of Plaintiffs' appeal with respect to claims 1 and 6 of the '906 patent and claims 1, 3, 10, 16, 18, 20, 22, 36, 38, 40 and 42 of '985 patent is likely to have a material impact on the allegations in this case. However, Plaintiffs expect Defendants will argue that damages for infringement of the patents-in-suit should not commence until the date suit is filed. Each of the patents-in-suit is presently set to expire on November 17, 2015. Accordingly, to preserve damages during the remaining life of the patents-in-suit in the event that the Federal Circuit reverses the invalidity finding from the Adobe Action, Plaintiffs elected to file this case. In order to conserve the resources of the parties and the judiciary during the pendency of Plaintiffs' appeal, Plaintiffs respectfully request that this Court exercise its sound discretion and stay <u>all</u> deadlines in this case until *after* the Federal Circuit resolves Plaintiffs' appeal.

## II. LEGAL AUTHORITY

A federal district court has discretion to stay discovery and other deadlines in a case "for good cause shown." Fed. R. Civ. P. 26(c); *Von Drake v. NBC,* No. 3-04-CV-0652-R, 2004 U.S.

2

Dist. LEXIS 25090, at *3-4 (N.D. Tex. 2004); *see also Mayo v. Tri-Bell Indus., Inc.,* 787 F.2d 1007, 1012 (5th Cir. 1986). It is well recognized that when an "issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided." 8A Charles Alan Wright et al., Federal Practice and Procedure § 2040 (3d ed. 2012); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."). Here, the Federal Circuit's resolution of Plaintiffs' appeal may be determinative of issues in this case—particularly as to whether or not Plaintiffs may allege infringement of claims 1 and 6 of the '906 patent and claims 1, 3, 10, 16, 18, 20, 22, 36, 38, 40 and 42 of '985 patent. Therefore, it is within the Court's discretion to stay all deadlines in this case pending resolution of Plaintiffs' appeal.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court exercise its sound discretion and stay <u>all</u> deadlines with respect to its complaint for patent infringement against Defendants until after the Federal Circuit resolves Plaintiffs' appeal in the Adobe Action.

DATED: September 12, 2012.                    Respectfully submitted,

**MCKOOL SMITH, P.C.**

/s/ Mike McKool
Mike McKool
Lead Attorney
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
Douglas Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
John B. Campbell
Texas State Bar No. 24036314
jcampbell@mckoolsmith.com
Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

**ATTORNEYS FOR PLAINTIFFS
THE REGENTS OF THE UNIVERSITY
OF CALIFORNIA AND EOLAS
TECHNOLOGIES, INC.**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Local Rule CV-5(a)(3)(A).

/s/ Mike McKool
Mike McKool