**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA and EOLAS TECHNOLOGIES INCORPORATED, § § § § | |
| Plaintiffs, § § | |
| VS. § | CIVIL ACTION NO. 6:12-CV-621-LED |
| § | |
| THE WALT DISNEY COMPANY, ESPN INTERNET VENTURES, and AMERICAN BROADCASTING COMPANIES, INC. § § § § § | |
| Defendants. § | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STAY

On September 12, 2012, Plaintiffs, The Regents of the University of California and Eolas Technologies Inc. (collectively "Eolas"), moved to stay all deadlines in this case for as long as it takes the Federal Circuit to review this Court's judgment in *Eolas v. Adobe* finding claims of U.S. Patent Nos. 5,838,906 and 7,599,985 to be invalid (the "Invalidated Patents"). No. 6:09-cv-446-LED, Dkt. No. 1417 (E.D. Tex. July 19, 2012) (hereinafter, "*Adobe*"). The Walt Disney Company, ESPN Internet Ventures, and American Broadcasting Companies, Inc. (collectively "Defendants"), are not opposed to a stay in principle, so long as reasonable protections are established to mitigate against potential prejudice to Defendants resulting from a stay.

Defendants met and conferred with Eolas multiple times in an attempt to outline reasonable protections but have been largely unable to reach an agreement. Accordingly, Defendants request that the Court condition the stay on the following terms: (1) that preserving screenshots from Defendants' current websites of specific pages that Eolas in good faith

identifies as accused, shall satisfy Defendants' obligation to preserve documents until the stay is lifted; and (2) Defendants shall not be subject to a claim for damages arising under the Invalidated Patents during the period prior to the lifting of the stay.[1]

*First*, staying this litigation without a clear rule for document preservation is an invitation for future discovery disputes and will impose on Defendants a potentially enormous burden of preserving irrelevant documents. For example, the content of the websites Eolas identifies in the Complaint, www.disney.com, www.abc.com, and www.espn.go.com, change daily (or even hourly) in the ordinary course of business. In their efforts to reach agreement with Eolas on the stay, Defendants asked for preliminary infringement contentions to guide their preservation efforts, but Eolas declined. Without infringement contentions identifying the accused products and asserted claims, Defendants do not have adequate information to identify those web pages (and hence do not know which ones should be preserved). In addition, without an agreement on preservation while the stay is pending, Defendants could need to capture irrelevant web pages when minor changes occur. Doing so would be practically impossible, not to mention unreasonably burdensome. Although Eolas has acknowledged this burden and suggested that Defendants' capturing current screenshots of certain web pages would satisfy some aspects of Defendants' preservation obligations, Eolas refused to agree to any complete preservation regime that would protect Defendants against a future claim of spoliation. Significantly, Eolas would not agree to any other limitations and declined to provide any meaningful guidance on what Defendants should preserve during the stay.

---

[1] Eolas has agreed that Defendants are not subject to pre-suit damages on the Invalidated Patents, but refuses to agree as to the other patents-in-suit. *See, e.g.*, *Eolas Techs. Inc. v. Adobe et al.*, No. 6:09-cv-446, Dkt. No. 892 (E.D. Tex. August 18, 2011) (order granting joint stipulation of no pre-suit damages for the Invalidated Patents). Defendants reserve their rights to seek relief on those patents as well.

To the contrary, Eolas referred Defendants to other document requests Eolas's lawyers have served in similar cases.[2] The breadth of these requests essentially ensures more of the discovery disputes this Court encountered in *Adobe*[3] and the motions to compel (or spoliation here) that arose in that action. For example, the requests would require Defendants to preserve, among other things, "[a]ll documents identifying, describing, concerning, or referencing functionality and improvements embodied in each version, model, and release of the Accused Products." Dkt. No. 1050, Ex. 2 (request no. 9). Defendants asked for, but Eolas declined to provide infringement contentions and claim charts necessary to know what the "Relevant Products and/or Accused Features" are. The breadth of Eolas's "standard requests" essentially requires Defendants to figure out for themselves what Eolas believes to be in issue or, if they guess wrong, face the same spoliation arguments Eolas made in *Adobe*. In addition, the posture of this case will undoubtedly be different from what it is today if and when any stay is lifted. Eolas would have Defendants preserve for an indefinite period of time any number of documents that, when the stay is lifted, will not be relevant to the case going forward. And, as this Court is aware, the costs the defendants incurred on document-related issues in *Adobe* was in the millions of dollars. *See Eolas Techs. Inc. v. Adobe et al.*, No. 6:09-cv-466, Dkt. No. 1416 (E.D. Tex. July 19, 2012). Defendants' requested protections avoid these risks.

*Second*, Defendants request that as a condition of the stay, damages should not accrue for infringement allegations arising under claims of the Invalidated Patents until the invalidity determination is reversed and the stay is lifted. If this case were to proceed normally without a stay, Defendants would be entitled to move to dismiss (or for summary judgment) on those

---

[2] Indeed, one of Eolas's motions to compel in *Adobe* was related to a request on over 100 different topics. *See Eolas Techs. Inc. v. Adobe et al.*, No. 6:09-cv-466, Dkt. No. 667, Ex. 2 (E.D. Tex. May 24, 2011). *See also* Dkt. No. 1050, Ex. 2 (document request on over 68 topics).
[3] Eolas filed several motions to compel against Defendants in *Adobe* without the complication of preservation issues.

patent claims immediately and avoid damages entirely. Eolas should not be allowed to preserve the ability to assert claims based on invalid patents due to a stay of this action. That would be the proverbial "cake." Instead, Eolas should be required to make a choice now. Defendants similarly should not be subject to a threat of damages for willful infringement of these invalid patent claims during the stay period – a period during which the patent claims will stand invalid.

## CONCLUSION

Eolas's attempt to impose the unreasonable burden on Defendants to preserve documents related to unspecified web pages and undefined claims, many of which are likely to become irrelevant, and its attempt to enable damages to accrue during the stay on patents this Court has already determined to be invalid, is prejudicial and inequitable. Defendants respectfully request that if Eolas wants a stay, it should agree to the Court's entry of the attached order conditioning the stay of this litigation on the foregoing reasonable protections.

Respectfully submitted,

/s/ *Jennifer H. Doan*
Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
Shawn A. Latchford
Texas Bar No. 24066603
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com
Email: jthane@haltomdoan.com
Email: slatchford@haltomdoan.com

**ATTORNEYS FOR DEFENDANTS THE WALT DISNEY COMPANY, ESPN INTERNET VENTURES, AND AMERICAN BROADCASTING COMPANIES, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 18th day of January, 2013.

/s/ *Jennifer H. Doan*
Jennifer H. Doan