IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA ET AL., | § § § | |
| **Plaintiffs,** | § § | **CASE NO. 6:12-cv-621** |
| **vs.** | § § | |
| THE WALT DISNEY CO. ET AL., | § § | |
| **Defendants.** | § | |

## ORDER

Before the Court is Plaintiffs the Regents of the University of California and Eolas Technologies, Inc.'s ("Plaintiffs") Opposed Motion to Stay (Docket No. 6).  Having considered the parties' written submissions, the Court **GRANTS** Plaintiffs' Motion to Stay.

## BACKGROUND

Plaintiffs filed suit against Defendants The Walt Disney Company, ESPN Internet Ventures, and American Broadcasting Companies, Inc. ("Defendants"), alleging infringement of U.S. Patent Nos. 5,838,906 ("the '906 Patent"), 7,599,985 ("the '985 Patent"), 8,082,293 ("the '293 Patent") and 8,062,662 ("the '662 Patent") (collectively, "the patents-in-suit").  Docket No. 1.  In a prior litigation, *Eolas Techs., Inc. et al. v. Adobe Systems, Inc. et al*, certain claims of the '906 and '985 Patents were invalidated.  *See* 6:09-cv-446, Docket No. 1417, July 19, 2012.[1]  Plaintiffs have since appealed this finding to the Court of Appeals for the Federal Circuit.  *See* Docket No. 6 at 2.  The appeal is still pending.

---

[1] The '293 and '662 Patent were not at issue in the prior litigation.

In the interim, Plaintiffs decided to file an action against the Defendants in this case, instead of waiting until the resolution of the appeal, because the patents-in-suit are set to expire on November 17, 2015.  Believing that the appeal will likely have a material impact on this litigation, Plaintiffs seek to stay the case until the resolution of the appeal.  Docket No. 6 at 2. Defendants do not oppose the stay in principle, but ask the Plaintiffs for certain concessions. Docket No. 29.  Specifically, Defendants ask that their obligation to preserve documents during the stay be satisfied with screenshots of their websites, and that the accrual of damages under the '906 and '985 Patents does not begin until the invalidity determination has been reversed and the stay has been lifted.  *Id.* at 1–2.  Plaintiffs object to these concessions, calling them unreasonable and unnecessary.  Docket 30 at 2.

## ANALYSIS

Courts have inherent power to control their own dockets, including the power to stay proceedings.  *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

Here, Defendants do not oppose the stay, but they ask that the stay be conditioned. Defendants raise concerns about document preservation, arguing it would be costly and burdensome to preserve documents during the stay.  Docket No. 29 at 2.  Defendants ask Plaintiffs to provide patent infringement contentions to aid Defendants' document preservation efforts and allow Defendants' preservation obligations during the stay to be satisfied with website snapshots.  *Id.*  Additionally, Defendants contend damages arising from the invalidated claims should not be accruing during the stay, because under normal circumstances, Defendants could move to dismiss these claims to avoid damages entirely.  *Id.* at 3–4.  However, Defendants

2

fail to cite any authority why a stay should be conditioned for these reasons.  While Defendants generally allege document preservation will be burdensome and costly, Defendants have not articulated why this warrants conditioning the stay, especially since document preservation is inherently burdensome and costly.  Also, Defendants do not explain why damages arising under the invalid claims must be limited at this stage.  The outcome of the appeal will determine whether damages need to be limited.

## CONCLUSION

Accordingly, Plaintiff's Motion to Stay (Docket No. 6) is **GRANTED.**  All deadlines in this civil action are **STAYED** pending the outcome of appeal in Docket No. 2102-1632, *Eolas Techs., Inc. et al., v. Amazon.com Inc. et al.*, in the United States Court of Appeals for the Federal Circuit.

**So ORDERED and SIGNED this 25th day of April, 2013.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**